ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| GLORIBEL RIVERA VÁZQUEZ<br><br>Recurrida<br><br>v.<br><br>**THE NEW 5-7-9 AND BEYOND, INC. H/N/C RAINBOW APPAREL DISTRIBUTION CENTER**;<br>JOHN DOE; JANE DOE; ASEGURADORAS A, B, C<br><br>Peticionario | TA2025CE00748 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.:<br>GM2025CV00623<br><br>Sobre: Despido Injustificado (Ley Núm. 80) |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de diciembre de 2025.

Comparece The New 5-7-9 and Beyond, Inc., haciendo negocios como Rainbow Apparel Distribution Center ("The New 5-7-9" o "Peticionario") mediante *Petición de Certiorari* y nos solicita que revisemos una *Resolución* emitida el 29 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Guayama ("TPI"). En virtud del referido dictamen, el TPI denegó la solicitud de relevo de sentencia instada por el peticionario, tras este último aducir que su agente residente no le notificó sobre la presentación del pleito de epígrafe.

Por los fundamentos que proceden, se *deniega* la expedición del auto de *certiorari* solicitado.

## I.

El 28 de julio de 2025, Gloribel Rivera Vázquez ("señor Rivera Vázquez" o "Recurrida) presentó una *Querella*, sobre despido injustificado, en contra de su antiguo patrono, The New 5-7-9, al amparo del procedimiento sumario. Consecuentemente, el 31 de julio de 2025, la recurrida instó una *Moción Informativa,* en la cual anunció que la parte peticionaria había sido emplazada

el 30 de julio de 2025. Precisó que el emplazamiento fue entregado en la dirección que consta en récord. Añadió que el mismo fue recibido por su agente residente, CT Corporation System, a través de su representante legal.

Transcurrido el término dispuesto para que The New 5-7-9 presentara su alegación responsiva, el 25 de agosto de 2025, la señora Rivera Vázquez radicó una *Moción Solicitando Anotación en Rebeldía y Dicte Sentencia*. Ante ello, el 4 de septiembre de 2025, el foro de instancia emitió una *Resolución Interlocutoria* mediante la cual le anotó la rebeldía al peticionario. En igual fecha, dictaminó una *Sentencia*, en virtud de la cual declaró Ha Lugar la *Querella* y, como consecuencia, le impuso a The New 5-7-9 el pago de $147,870.60, a favor de la señora Rivera Vázquez, por concepto de mesada.

Posteriormente, el 9 de octubre de 2025, The New 5-7-9 compareció mediante una *Moción Asumiendo Representación Legal y sobre Otros Extremos*. Adujo que, el 1 de octubre de 2025, por razón de una notificación defectuosa, advino en conocimiento de la *Sentencia*, luego de que Secretaría emitiera una *Notificación Enmendada*.

A su vez, el 21 de octubre de 2025, el peticionario presentó una *Moción en Solicitud de Relevo de Sentencia al amparo de la Regla 49.2 de Procedimiento Civil*. Señaló que, CT Corporation, desde hace muchos años, fungía como su agente residente registrado en Puerto Rico y que, en virtud de tal designación tenía la obligación de recibir y notificarle sobre la radicación de cualquier reclamación en su contra. Adujo que, al recibir el emplazamiento, su agente residente remitió los documentos al correo electrónico del Presidente y CEO de Rainbow US, Inc., Joseph Chehebar, quien figura en los registros de CT Corporation como el contacto designado para ese tipo de notificaciones. No obstante, expuso que la dirección de correo electrónico utilizada por su agente residente para enviar la comunicación era una incorrecta que no pertenecía al señor Chehebar.

Como resultado, sostuvo que no fue hasta el 1 de octubre de 2025 que tuvo conocimiento de la *Querella* presentada en su contra, cuando uno de sus oficiales recibió a su dirección de correo electrónico una notificación enmendada

de la *Sentencia*. Razonó que la insuficiencia en el emplazamiento se debió a la negligencia de CT Corporation, en su función como agente residente, y a la negligencia excusable de The New 5-7-9, por circunstancias fuera de su control que provocaron una notificación deficiente. Ante ello, arguyó que procedía el relevo de la *Sentencia* dictada el 4 de septiembre de 2025.

El 28 de octubre de 2025, la señora Vázquez Rivera notificó su *Moción en Oposición de Relevo de Sentencia al amparo de la Regla 49.2 de Procedimiento Civil*. Manifestó que el emplazamiento del peticionario fue diligenciado a través de su agente residente designado, conforme exige la normativa procesal. Arguyó que el hecho de que CT Corporation no le remitiera los documentos del emplazamiento no constituye un fundamento válido para el relevo de sentencia.

Aquilatados los argumentos, el TPI denegó la solicitud de relevo de sentencia mediante *Resolución* emitida el 29 de octubre de 2025. Inconforme, el 10 de noviembre de 2025, The New 5-7-9 acudió ante esta Curia mediante *Petición de Certiorari*. El peticionario le imputó al foro de instancia la comisión del siguiente error:

> **Erró el TPI al no relevar a la Parte Peticionaria de la Sentencia Final en Rebeldía, toda vez que se demostró que medió negligencia excusable a raíz de una notificación defectuosa del emplazamiento y la Querella por parte de su agente residente, lo que impidió su comparecencia oportuna y el ejercicio de su defensa. Al resolver de ese modo, el foro primario incurrió en abuso de discreción y error de derecho, privando a The New 5-7-9 de su día en Corte, y produciendo un resultado contrario al propósito reparador de la Regla 49.2.**

El 20 de noviembre de 2025, la señora Rivera Vázquez instó su *Oposición a Petición de Certiorari*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v.*

*American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La Regla 49.2 de Procedimiento Civil, *supra*, autoriza al Tribunal a relevar a una parte de una sentencia, orden o procedimiento por varios fundamentos: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio; (c) fraude, falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de la sentencia; (e) la sentencia ha sido satisfecha o renunciada; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

El Tribunal Supremo de Puerto Rico ha expresado que, al momento de evaluar la procedencia de una solicitud de relevo de sentencia, también se debe

evaluar si el peticionario tiene una buena defensa en sus méritos; el tiempo que media entre la sentencia y la solicitud del relevo; y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia. *Reyes v. E.L.A.*, 155 DPR 799, 810 (2001).

A pesar de que la Regla 49.2 de Procedimiento Civil, *supra*, se interpreta liberalmente, el Tribunal Supremo ha advertido que esta no constituye una "llave maestra" para reabrir controversias y no debe ser utilizada en sustitución de un recurso de revisión o una moción de reconsideración. *Vázquez v. López*, 160 DPR 714, 726 (2003). La determinación de conceder el relevo de una sentencia está confiada a la discreción del Tribunal de Primera Instancia. *Garriga Gordils v. Maldonado Colón*, 109 DPR 817, 822 (1980); *Fine Art Wallpaper v. Wolff*, 102 DPR 451, 458 (1974).

Por otro lado, el Tribunal Supremo de Puerto Rico ha señalado que la moción de relevo de sentencia no está disponible para corregir errores de derecho, ni errores de apreciación o valoración de la prueba. Estos son fundamentos para la reconsideración o la apelación del dictamen, pero no para el relevo. *García Colón et al. v. Sucn. González,* 178 DPR 527, 542-543 (2010).

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha resuelto que el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal. *Íd.,* pág. 543. En consecuencia, la Regla 49.2, *supra,* es categórica en cuanto a que la moción de relevo debe presentarse dentro de un término razonable pero que "en ningún caso exceda los seis meses […]." *Íd.* Ahora bien, dicho plazo es inaplicable cuando se trata de una sentencia nula. *Náter v. Ramos*, 162 DPR 616, 625 (2004).

Por último, cabe destacar que, al revisar la solicitud de relevo de sentencia, el tribunal no dilucida los derechos de las partes ni las controversias jurídicas de la demanda, solamente debe resolver si la parte promovente satisface los requisitos estatutarios y jurisprudenciales para el relevo de sentencia. Por lo tanto, la revisión en alzada versa sobre la facultad discrecional del juez de instancia al conceder o denegar la solicitud post sentencia. *Ortiz v. U. Carbide Grafito, Inc.,* 148 DPR 860, 865 (1999).

**III.**

En el caso de autos, The New 5-7-9 solicitó el relevo de la *Sentencia* dictada el 4 de septiembre de 2025 bajo el fundamento de que su agente residente designado no le notificó sobre la presentación del pleito. Arguye que medió negligencia excusable, a raíz de una notificación defectuosa por parte de su agente residente y, como consecuencia, existía fundamento para conceder lo peticionado.

Examinado cuidadosamente el expediente, a la luz de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. En el recurso que aquí atendemos no se nos ha demostrado la existencia de alguno de estos escenarios.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de esta Resolución, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones