Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| MIRIAM MONTES MOCK<br><br>Peticionaria<br><br>v.<br><br>JOSÉ E. PEDROZA RODRÍGUEZ<br><br>Recurrido | KLCE202301470 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia,<br>Sala de BAYAMÓN<br><br>Caso Núm.:<br>BY2019CV05188<br><br>Sobre:<br>Liquidación de Comunidad de Bienes |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de marzo de 2024.

El 28 de diciembre de 2023, la Sra. Miriam Montes Mock (en adelante señora Montes o peticionaria) y sometió una *Petición de certiorari* en la que nos solicita la revocación de la *Resolución* emitida el 7 de diciembre de 2023, notificada el 12, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI o foro primario). Por virtud del aludido dictamen, el foro primario determinó que no tenía nada que proveer en cuanto a la solicitud de remedio que esta instara ante dicho foro.

Examinado el expediente, y por aquellas razones que más adelante explicamos, resolvemos **expedir** el auto y **revocar** la determinación recurrida. Veamos.

I

Los hechos pertinentes a la controversia ante nos son los siguientes:

El 6 se septiembre de 2019, la peticionaria instó *Demanda* sobre Liquidación de Comunidad de Bienes contra el Sr. José E. Pedroza Rodríguez (en adelante, señor Pedroza o recurrido). En esta, alegó: (1) que las partes contrajeron matrimonio el 31 de diciembre de 1984 bajo el

Número Identificador

SEN2024 _____

régimen económico de sociedad legal de gananciales; (2) que el 11 de julio de 2019 se emitió *Sentencia* en el caso civil de divorcio K DI2019-0143 del Tribunal de Primera Instancia de San Juan, mediante el cual se disolvió el vínculo matrimonial bajo la causal de ruptura irreparable y que dicha sentencia era final y firme. Igualmente, aseveró que durante la duración del matrimonio las partes adquirieron activos y pasivos sujetos a liquidación y que los mismos en su mayoría estaban bajo el control del recurrido. Como remedio, la peticionaria solicitó que se declarara con lugar su reclamo y, en consecuencia, se liquidara la comunidad de bienes entre las partes, le conceda los créditos que le correspondan, entre otras cosas.

Así las cosas, el 26 de febrero de 2021, en dicho pleito las partes sometieron una *Moción informativa conjunta sobre acuerdo final de transacción y solicitud para que se dicte sentencia* en la que informaron que acordaron transigir en su totalidad las reclamaciones hechas y que, a tales efectos, suscribieron un acuerdo privado de transacción, cuya copia sometieron para conocimiento, avalúo y aprobación del tribunal. Ante el acuerdo sometido, el 1 de marzo de 2021, el foro primario emitió *Sentencia* en la que impartió su aprobación a la estipulación sometida por las partes. En dicha ocasión, les apercibió de que el incumplimiento de las obligaciones acordadas podría dar lugar a las medidas y procedimientos también acordados para el caso de incumplimiento de lo pactado, más cualquier otra medida o sanción que el Tribunal pueda entender apropiada conforme el incumplimiento, sus circunstancias y el derecho aplicable.

Años después, dentro del pleito, la señora Montes presentó una *Moción informativa y solicitud de órdenes y remedio* en la que señaló haber advenido en conocimiento de que el señor Pedroza escondió- al momento de los acuerdos transaccionales alcanzados- que mientras aún las partes estaban casadas, este adquirió, utilizando dinero ganancial, la participación de sus hermanos sobre una propiedad inmueble perteneciente a la

comunidad hereditaria entre estos y él. Por consiguiente, reclamó que, como parte de la liquidación de la comunidad de bienes, debió corresponderle una participación sobre dicho bien. Allí solicitó que, en virtud de la disposición incluida en los acuerdos, relativa a la consecuencia que tendría el ocultar algún activo, se ordenara la valoración del inmueble y se le pagara la mitad de las dos terceras partes del valor tasado. Además, peticionó la imposición de honorarios de abogado al recurrido y que se refiriera a la Oficina de Fiscalía de Bayamón la posible comisión del delito de perjurio del demandado.

El 21 de junio de 2023, el señor Pedroza sometió *Moción en cumplimiento de orden, réplica y solicitud de que se encuentre a la parte demandante incursa en temeridad.* En esta, negó haber ocultado información a la peticionaria. Afirmativamente, señaló que, el dinero utilizado para comprarle a sus hermanos la participación en el bien inmueble que su señora madre les dejó como herencia provino gran parte del dinero en efectivo que recibió como herencia de su madre. Por tanto, reclamó que, "habida cuenta de que el dinero que el compareciente utilizó para comprar la porción del apartamento era dinero recibido por herencia, se trataba de dinero privativo de él. Esto explica el carácter privativo de la totalidad del apartamento de Plaza Esmeralda y evidentemente son hechos que conocía la demandante al momento de suscribir la liquidación de bienes gananciales en este caso."

Dos días después, la señora Montes presentó *Réplica a oposición presentada por el demandado* en la que señaló que los argumentos levantados por el recurrido no fueron acompañados de evidencia documental acreditativa de estos. Por consiguiente, alegó que este falló en rebatir la presunción de ganancialidad de los fondos utilizados para adquirir la susodicha participación. De otra parte, destacó que el propio recurrido al oponerse a su solicitud indicó, que gran parte del dinero para adquirir la

participación hereditaria de sus hermanos provino del dinero heredado por su madre, más ello no implicaba que todos los fondos para adquirir las participaciones fueron de origen privativo. Por ello, se reafirmó en la procedencia del pago reclamado a su favor.

El 22 de junio de 2023, el TPI emitió *Orden* en la que, al aludir al escrito del recurrido, dispuso: "Muestre la evidencia de la cuenta de banco de donde proveyeron los fondos privativos para comprar la participación de los demás herederos. Una vez la tenga procure reunión con la parte contraria para discutir la controversia. Informe en el término de 25 días." Ante ello, el señor Pedroza sometió una *Moción en solicitud de orden dirigida al Banco Popular de Puerto Rico y para otros extremos,* en la que solicitó al foro primario que le ordenara a la institución bancaria donde estaban los fondos depositados, Banco Popular de Puerto Rico, a proveer los estados de cuenta y demás información necesaria para poder compartirlos con la peticionaria; dar cumplimiento a lo ordenado y fin a la controversia.

Tras varios trámites, el 6 de octubre de 2023 el recurrido sometió una *Moción informativa* en la que indicó que, habiéndose diligenciado la orden a la entidad bancaria para proveer los estados bancarios, esta informó que los estados no estaban disponibles por tratarse de documentos previo al año 2016 y que conforme con su política de retención de información, este periodo excede aquel que tiene en récord. Ante este documento, el 10 de octubre de 2023 la peticionaria acudió al TPI reafirmándose en que el recurrido no ha podido rebatir la presunción de la naturaleza ganancial del dinero con el que adquirió la participación de sus hermanos en la propiedad herencia de su madre. El 25 de octubre de 2023, el TPI la declaró No Ha Lugar.

El 3 de noviembre de 2023, la señora Montes presentó una *Solicitud de aclaración de orden y reconsideración* en la que solicitó que el foro primario aclarara el alcance de su denegatoria porque le surgía dudas en cuanto a si

la determinación resolvía en los méritos la controversia traída por medio de la *Moción informativa y solicitud de órdenes y remedio.* Habiéndosele concedido término al recurrido para expresarse, el 6 de diciembre de 2023 este sometió una *Moción en cumplimiento de Orden y réplica a solicitud de aclaración y reconsideración.* En esta, tras relatar el tracto procesal relacionado con la controversia, afirma que las alegaciones de la señora Montes descansan en aseveraciones increíbles, pues los hechos del caso en definitiva ponen en entredicho la información sorpresa que alega conoció luego de la división de la comunidad de bienes. Inclusive, y a los fines de que el tribunal pudiera adjudicar finalmente la cuestión, solicitó que se señalara una audiencia en la que las partes tuvieran la oportunidad de argumentar sus posturas y desfilar la evidencia que estimen pertinente.

Luego de que la peticionaria replicara tal escrito, con fecha del 7 de diciembre de 2023 el foro primario emitió *Resolución* en la que dispuso como a continuación transcribimos:

> Este tribunal emitió sentencia en este caso el 1 de marzo de 2021. La cual fue notificada el 3 de marzo de 2021. Dicha sentencia es final y firme. Habiendo transcurrido los términos que disponen las Reglas 47 y 49.2 de Procedimiento Civil este Tribunal no tiene más remedio que proveer.

Insatisfecha con lo ahí resuelto, la señora Montes instó el recurso de epígrafe y efectuó los siguientes señalamientos de error:

> Primer Señalamiento de Error:
>
> Erró el TPI al declarar NO Ha Lugar a la solicitud de remedio presentada por la peticionaria el 22 de mayo de 2023 para hacer cumplir los acuerdos llegados por las partes en el acuerdo transaccional suscrito el 25 de febrero de 2021, aun cuando la sentencia dictada el 1 de marzo de 2021 adoptó el contenido del acuerdo transaccional, que a su vez contenía remedios específicos sobre bienes gananciales que no fueran divulgados durante el trámite del pleito, como lo fue la transacción en la escritura número 8 ante el Notario Iván García Zapata del 17 de noviembre de 2018.
>
> Segundo señalamiento de error:
>
> Erró el TPI al rechazar la solicitud de la demandante-peticionaria del 22 de mayo de 2023 y del 10 de octubre de 2023 y negarle la participación ganancial de la compra del bien inmueble de la Escritura Número 8 ante el Notario Iván García Zapata del 17 de noviembre de 2018, cuando el recurrido no presentó documento

y/o prueba para rebatir la presunción de ganancialidad de los fondos utilizados para la adquisición que ocurrió durante el matrimonio, y sin el TPI haber celebrado una vista evidenciaria.

Tercer señalamiento de error:

Erró el TPI al no intervenir y resolver la solicitud de la peticionaria y/o hacer valer los acuerdos llegados por las partes en Acuerdo Transaccional del 25 de febrero de 2021, aun cuando el TPI le solicitó al recurrido que presentara evidencia de la cuenta bancaria de la cual alegadamente provenían los fondos para la [adquisición] del inmueble de la Escritura Número 8 ante el Notario Iván García Zapata del 17 de noviembre de 2018, y el recurrido nunca produjo la misma.

Cuarto señalamiento de error:

Erró el TPI al resolver a favor de la peticionaria la solicitud para que se le adjudicara la participación ganancial de la adquisición de un bien inmueble de la Escritura Número 8 ante el Notario Iván García Zapata del 17 de noviembre de 2018, cuando el recurrido no presentó evidencia de que el dinero que utilizó para adquirir la participación de otros herederos era privativo, cuando la presunción es que el dinero utilizado era de naturaleza ganancial y ante la ausencia de prueba en contrario, se debió concluir por el TPI que los fondos utilizados eran de naturaleza ganancial.

Atendido el recurso, el 12 de enero de 2024 emitimos *Resolución* en la que concedimos al recurrido 10 días para someter su posición. Tras solicitar una breve prórroga a tales efectos y esta serle autorizada, el 1 de febrero del año en curso el señor Pedroza presentó *Alegato de la parte recurrida*.

II

-*A*-

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica

la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. McNeil Healthcare v. Mun. Las Piedras I, *supra*; Scotiabank v. ZAF Corp et al., 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." 800 Ponce de León v. AIG, *supra*. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." McNeil Healthcare v. Mun. Las Piedras I, *supra*.

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. McNeil Healthcare v. Mun. Las Piedras I, *supra*, a la pág. 404; 800 Ponce de León v. AIG, *supra*. Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[1] Estos, pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019).

---

[1] Estos son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

*-B-*

La transacción judicial es un contrato por el cual, una vez comenzado el pleito, las partes, llegan a un acuerdo transaccional y lo hacen incorporar al proceso en curso. Rodríguez et al. v. Hospital et al., 186 DPR 889, 890 (2012) al citar a Igaravidez v. Ricci, 147 DPR 1, 6 (1998). Este, como todo contrato, no garantiza que los contratantes cumplan con sus respectivas prestaciones, por lo que puede precisarse la intervención judicial para procurar que la transacción rinda su finalidad esencial de dirimir divergencias en la forma convenida. Igaravidez v. Ricci, *supra.* Cuando se trata de una transacción judicial si una de las partes incumple con lo estipulado, se puede solicitar inmediatamente que lo convenido se lleve a efecto, pues tiene para las partes la misma fuerza que la sentencia firme y se puede, por lo tanto, utilizar el procedimiento de apremio. *Íd.*, citando a Neca Mortg. Corp. v. A&W Dev. S.E., 137 DPR 860 (1995).

La Regla 51.1 de las de Procedimiento Civil, 32 LPRA Ap. V, regula todo lo concerniente al procedimiento de apremio o de ejecución de una sentencia. Esta, dispone que:

> La parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de ésta ser firme. Expirado dicho término, la sentencia podrá ejecutarse mediante autorización del tribunal, a moción de parte y previa notificación a todas las partes. Si después de registrada la sentencia se suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución.

El procedimiento de ejecución de sentencia le imprime continuidad a todo proceso judicial que culmina con una sentencia. Es necesario recurrir a la ejecución forzosa de una sentencia cuando la parte obligada incumple con los términos de la sentencia. Mun. San Juan v. Prof. Research, 171 DPR 219 (2007) al citar a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, San Juan, Ed. Michie de P.R., 1997, Cap. 63, pág. 453.

En virtud de este precepto legal, la parte a cuyo favor se dictó sentencia podrá ejecutar la misma en cualquier tiempo dentro del término de cinco (5) años de que esta sea firme. Dentro de este término no será necesario solicitar permiso al tribunal ni tampoco notificar a la parte contraria. Expirado el término de cinco (5) años, será necesario solicitar autorización del tribunal y notificar a la parte contra la cual se ejecuta. Igaravidez v. Ricci, *supra*.

-C-

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V R. 49.2, autoriza al Tribunal a relevar a una parte de una sentencia, orden o procedimiento por varios fundamentos: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) **descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48**; (c) fraude, falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de la sentencia; (e) la sentencia ha sido satisfecha o renunciada; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

El Tribunal Supremo de Puerto Rico ha expresado que, al momento de evaluar la procedencia de una solicitud de relevo de sentencia, también se debe evaluar si el peticionario tiene una buena defensa en sus méritos; el tiempo que media entre la sentencia y la solicitud del relevo; y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia. Reyes v. E.L.A. et al., 155 DPR 799, 810 (2001).

A pesar de que la Regla 49.2 de Procedimiento Civil, *supra*, se interpreta liberalmente, el Tribunal Supremo ha advertido que esta no constituye una "llave maestra" para reabrir controversias y no debe ser utilizada en sustitución de un recurso de revisión o una moción de reconsideración. Vázquez v. López, 160 DPR 714, 726 (2003). La

determinación de conceder el relevo de una sentencia está confiada a la discreción del Tribunal de Primera Instancia. Garriga Gordils v. Maldonado Colón, 109 DPR 817, 822 (1980); Fine Art Wallpaper v. Wolff, 102 DPR 451, 458 (1974).

Por otro lado, el Tribunal Supremo de Puerto Rico ha señalado que la moción de relevo de sentencia no está disponible para corregir errores de derecho, ni errores de apreciación o valoración de la prueba. Estos son fundamentos para la reconsideración o la apelación del dictamen, pero no para el relevo. García Colón et al. v. Sucn. González, 178 DPR 527, 542-543 (2010).

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha resuelto que el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal. *Id*., a la pág. 543. En consecuencia, la Regla 49.2, *supra*, es categórica en cuanto a que la moción de relevo debe presentarse dentro de un término razonable pero que "en ningún caso exceda los seis meses [...]." *Id*. Ahora bien, dicho plazo es inaplicable cuando se trata de una sentencia nula. Náter v. Ramos, 162 DPR 616, 625 (2004).

Por último, cabe destacar que, **al revisar la solicitud de relevo de sentencia, el tribunal no dilucida los derechos de las partes ni las controversias jurídicas de la demanda, solamente debe resolver si la parte promovente satisface los requisitos estatutarios y jurisprudenciales para el relevo de sentencia. Por lo tanto, la revisión en alzada versa sobre la facultad discrecional del juez de instancia al conceder o denegar la solicitud post sentencia**. Ortiz v. U. Carbide Grafito, Inc., 148 DPR 860, 865 (1999).

### III

La peticionaria discutió de forma conjunta sus cuatro (4) señalamientos de error. Al así hacerlo, señaló que el acuerdo transaccional suscrito entre las partes que ocasionó se dictara sentencia en el pleito,

expresa claramente la voluntad de las partes y los términos acordados, por lo que no se requiere una interpretación de la intención de estos ni del alcance de los acuerdos. Procedió entonces a señalar, que, dentro del acuerdo transaccional suscrito, se pactó que si alguna de las partes, voluntaria o involuntariamente, no divulgaba información sobre algún activo adicional, se acordaba que tal activo sería dividido en partes iguales. Es basándose en este acuerdo- y ante el hecho de que el señor Pedroza no sometió evidencia documental alguna que probara la naturaleza privativa del dinero con el que compró a sus hermanos, las respectivas participaciones hereditarias sobre la propiedad inmueble, que su madre dejó en herencia- que la peticionaria expone que debió concederse el remedio solicitado y no denegarse el mismo. Asimismo, reclama que el despachar su pedido sin brindarle oportunidad de realizar descubrimiento de prueba y declararse sin jurisdicción, sin más, constituyó un abuso de discreción, por lo que la deferencia que como norma general rige sobre las determinaciones interlocutorias debe ceder.

El recurrido, por su lado, alegó que la petición de la señora Montes era improcedente. Específicamente, señaló que en su recurso al argumentar su reclamo esta tergiversó ciertas expresiones hechas al contestar la solicitud de remedio instada ante el foro primario. De igual forma, aclaró que en su respuesta lo que indicó fue que compró la participación hereditaria de sus hermanos con gran parte del dinero que recibió en herencia de su señora madre y no que gran parte del dinero con el que compró tal participación, provino de la herencia. Más allá de ello, en síntesis, reprodujo los distintos argumentos que levantó ante el foro primario sobre el asunto.

Examinados los planteamientos de las partes, tras un cuidadoso estudio de los escritos sometidos por las partes ante el foro primario y un

sopesado análisis del derecho consignado antes, resolvemos que la *Resolución* emitida por el TPI debe ser revocada.

Sabido es que el nombre no hace la cosa. OCS v. CODEPOLA, 202 DPR 842 (2019). Es el contenido de un escrito, no el título que se le dé, el que determina su naturaleza. JMG Investment v. ELA, et al., 203 DPR 708 (2019). Una lectura de los distintos escritos sometidos por la peticionaria demuestra que, si bien esta no indicó ni señaló que su escrito trataba de una moción solicitando la ejecución de la sentencia- ni así se hizo referencia en su título- su contenido demuestra que era este el remedio que perseguía. En estos, la señora Nieves hizo referencia al acuerdo transaccional que las partes alcanzaron dentro del pleito de epígrafe y a la sentencia que se dictó en virtud de esta. También, señaló la cláusula específica que alega fue incumplida por el recurrido y solicitó como remedio la consecuencia que las propias partes estipularon tendría tal acto.

La *Sentencia* que el foro recurrido emitió el 1 de marzo de 2021- que como bien se señaló en el recurso de epígrafe es final y firme- fue dictada conforme a los términos del acuerdo transaccional escrito que las partes sometieron. Según la misma enuncia, la sentencia emitida "sujeta a todas las partes al **fiel y estricto cumplimiento de todos los compromisos, obligaciones y estipulaciones que entre sí y ante el Tribunal han asumido.**" Asimismo, en esta, entre otras cosas, se apercibió a las partes que "**el incumplimiento de las obligaciones acordadas dará lugar a las medidas y procedimientos también acordados para el caso de incumplimiento de lo pactado, más cualquier otra medida o sanción que el Tribunal pueda entender apropiada conforme al incumplimiento, sus circunstancias y el derecho aplicable**."[2] (Énfasis nuestro).

---

[2] Véase, Entrada Núm. 117 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Nos resulta claro, pues, que la *Moción informativa y solicitud de órdenes y remedio* que esta sometió años después de haberse dictado sentencia no trata de una solicitud de reconsideración, ni una petición de relevo de la misma. En contrario, es precisamente bajo el reclamo de incumplimiento por parte del recurrido que la señora Nieves compareció en solicitud del remedio disponible a su favor: la ejecución de la sentencia. Por consiguiente, en lugar de hacer alusión a los términos de las reglas procesales, referentes a la solicitud de reconsideración (Regla 47) y a aquellas sobre el relevo de sentencia (Regla 49.2), el foro primario debió atender y resolver la controversia que efectivamente tenía ante sí. Para así poder hacerlo, y tal cual **ambas partes le señalaron** en algunos escritos, era indispensable la celebración de una vista evidenciaria en la cual tanto la señora Nieves como el señor Carrero pudieran desfilar la prueba que estimaran adecuada para probar sus respectivas contenciones.

Siendo ello así, revocamos la *Resolución* recurrida y devolvemos el caso al Tribunal de Primera Instancia para que señale una audiencia evidenciaria en la que las partes desfilen la prueba correspondiente con el fin de establecer si procede el remedio solicitado.

IV

Por los fundamentos expuestos, se expide el recurso y se revoca la *Resolución* emitida el 12 de diciembre de 2023 emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Asimismo, se le ordena a dicho foro que señale y celebre una vista evidenciaria en la que las partes puedan exponer y desfilar prueba a favor y en contra del remedio solicitado por la peticionaria.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís

Secretaria del Tribunal de Apelaciones

Secretaria del Tribunal de Apelaciones