ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ORIENTAL BANK<br><br>Recurrido<br><br>v.<br><br>HÉCTOR SANTIAGO RODRÍGUEZ Y OTROS<br><br>Peticionario | TA2025CE00688 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Comerío<br><br>Caso Núm.: CR2024CV00339<br><br>Sobre: Cobro de Dinero – Ordinario; Ejecución de Hipoteca |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 10 de noviembre de 2025.

Comparece Cali Orchids, Inc. ("Cali Orchids" o "Peticionario") mediante *Certiorari* y nos solicita que revisemos una *Resolución Interlocutoria* dictada el 27 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Comerío ("TPI"). En virtud del referido dictamen, el TPI denegó la solicitud de relevo de sentencia instada por la parte peticionaria.

Por los fundamentos que proceden, se deniega la expedición del auto de *certiorari* solicitado.

**I.**

El 5 de septiembre de 2024, Oriental Bank ("Recurrido") presentó una *Demanda* sobre cobro de dinero y ejecución de hipoteca contra Cali Orchids, Héctor Santiago Rodríguez ("señor Santiago Rodríguez"), por sí y haciendo negocios como Cali Nurseries, y Finca Los Sueños, LLC ("Finca Los Sueños"). Mediante la primera causa de acción, Oriental Bank señaló que, en el año 2013, le concedió un préstamo al señor Santiago Rodríguez, por la cantidad de $604,234.00. Expuso que, para garantizarlo el referido préstamo, el señor Santiago Rodríguez entregó en prenda un pagaré hipotecario por la suma principal de $604,234.00, garantizado mediante hipoteca sobre las fincas 5,041, 5,042 y 6,947 de Barranquitas. Precisó que, posteriormente, las fincas fueron

adquiridas por Finca Los Sueños. Alegó que el señor Santiago Rodríguez y Finca Los Sueños adeudaban las siguientes sumas: $371,819.12, correspondiente al principal; $8,469.21, correspondiente a los intereses, además de los que se acumulen al tipo pactado, hasta su total pago: $7,605.85 por mora, además de los que se acumulen hasta su total pago; $5,557.54 de moratoria al principal; y $60,423.40 correspondiente a las costas, gastos y honorarios de abogado, según pactados.

Por otra parte, mediante la segunda causa de acción, Oriental Bank expuso que, el 29 de marzo de 2019, le concedió un préstamo al señor Santiago Rodríguez, haciendo negocios como Cali Nurseries, Inc. ("Cali Nurseries") por la cantidad de $156,882.63. Manifestó que, para garantizar el préstamo, Cali Orchids entregó en prenda un pagaré hipotecario a favor de Oriental Bank, por la suma de $180,000.00. Añadió que dicho pagaré estaba garantizado por una hipoteca sobre la finca 4,120 de Santa Isabel. Así dispuesto, adujo que el señor Santiago Rodríguez y Cali Orchids adeudaban solidariamente las siguientes sumas: $128,493.57, correspondiente al principal; $2,452.54, correspondiente a intereses, además de los que se acumulen al tipo pactado, hasta su total pago; $2,397.34 por mora, además de los que se acumulen hasta su total pago; $18,800.00, correspondiente a las costas, gastos y honorarios de abogado, según pactados.

El 29 de noviembre de 2024, Oriental Bank radicó una *Moción Solicitando Emplazamientos por Edicto*. Fundamentó que, al intentar emplazar al señor Santiago Rodríguez, haciendo negocios como Cali Nurseries, y Cali Orchids las gestiones realizadas por el emplazador para diligenciar el emplazamiento resultaron infructuosas. En atención a ello, el día siguiente, notificada el 4 de diciembre de 2024, el TPI expidió una *Orden,* mediante la cual autorizó los emplazamientos por edicto.

Posteriormente, el 20 de diciembre de 2024, Cali Orchids instó una *Comparecencia Especial sin Someterse a la Jurisdicción.* Expuso que, habiendo advenido en conocimiento de la presentación del pleito, solicitó que se le

notificara sobre su transcurso, sin que ello se entendiera como una sumisión voluntaria ante la jurisdicción del tribunal.

El 14 de enero de 2025, Oriental Bank presentó una *Moción de Anotación de Rebeldía* contra los codemandados. Detalló que, el 6 de diciembre de 2024, publicó el emplazamiento por edicto en el periódico Primera Hora. Añadió que, el 10 de diciembre de 2025, les envió cartas certificadas con acuse de recibo, en las cuales incluyó copia de la demanda y el emplazamiento, a sus últimas direcciones conocidas. Expirado el término dispuesto para presentar una alegación responsiva o defensa afirmativa, solicitó que se les anotara la rebeldía. El día siguiente, el foro de instancia le concedió a la parte recurrida un término de quince (15) días para presentar un proyecto de sentencia.

Consecuentemente, ese mismo día, Cali Orchids notificó una *Moción Informando Intención de Impugnar Emplazamiento*. Según anunciado, el 27 de enero de 2025, la parte peticionaria instó una *Oposición a Moción de Anotación de Rebeldía, Impugnando Emplazamiento por Edicto y Solicitando Desestimación*. Detalló que de la Declaración Jurada suscrita por el emplazar solo surgían las gestiones realizadas para emplazar a "Héctor Santiago Rodríguez t/c/c Héctor Alejandro Santiago Rodríguez h/n/c Cali Nurseries, Cali Orchids, Inc". Señaló que su Agente Residente era Juan A. Santiago, no Héctor Santiago Rodríguez. A raíz de los anterior, arguyó que no procedía autorizar el emplazamiento de Cali Orchids por edicto, toda vez que, la corporación y el señor Santiago Rodríguez eran partes independientes, las cuales debían ser emplazadas de manera separada. Como resultado, arguyó que procedía la desestimación de la demanda en cuanto a Cali Orchids, ya que Oriental Bank no diligenció el emplazamiento dentro del término provisto por la normativa procesal.

El 7 de febrero de 2025, Oriental Bank notificó su *Réplica a Oposición a Moción de Anotación de Rebeldía, Impugnando Emplazamiento por Edicto y Solicitando Desestimación radicada por la codemandada Cali Orchids, Inc.* Manifestó que, según consta en el Registro de Corporaciones del Departamento de Estado, la dirección de los negocios del señor Santiago Rodríguez se encuentran ubicados en la misma dirección que Cali Orchids. Adujo que, al

intentar emplazar al señor Santiago Rodríguez, también se intentó emplazar a Cali Orchids.

Aquilatadas las mociones de las partes, el 13 de marzo de 2025, el TPI dictó una *Sentencia Parcial*, en virtud de la cual desestimó la reclamación instada contra Cali Orchids. El 4 de abril de 2025, el TPI emitió una *Sentencia Parcial Nunc Pro Tunc*, a los únicos efectos de incluir el lenguaje de la Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V., R. 42.3.

El 27 de abril de 2025, Oriental Bank presentó una *Moción de Anotación de Rebeldía y Sentencia de la Primera Causa de Acción*. Expuso que había transcurrido el término para que el señor Santiago Rodríguez presentara su contestación a la demanda o cualquier defensa afirmativa. Como corolario, arguyó que procedía que se le anotara la rebeldía al señor Santiago Rodríguez y que se dictara sentencia, conforme a lo solicitado en la demanda.

En igual fecha, presentó una *Moción de Desistimiento de la Primera Causa de Acción en cuanto a Finca Los Sueños, LLC*, así como un *Aviso de Desistimiento de la Segunda Causa de Acción en cuanto al codemandado Héctor Alejandro Rodríguez Santiago h/n/c Cali Nurseries*. Señaló que, en virtud de lo resuelto en el caso Civil Núm. CR2023CV00209, la titularidad de los inmuebles descritos en la primera causa de acción había sido revertida a favor del señor Santiago Rodríguez. Por tanto, desistió de la reclamación contra Finca Los Sueños. A su vez, dado a que el foro de instancia desestimó la reclamación contra Cali Orchids, desistió de la segunda causa de acción, correspondiente al préstamo otorgado en el año 2019.

Así las cosas, el 28 de abril de 2025, notificadas el día siguiente, el foro de instancia dictaminó dos (2) Sentencias Parciales. De manera respectiva, el foro de instancia decretó el archivo de las acciones presentadas contra Finca Los Sueños y contra el señor Santiago Rodríguez haciendo negocios como Cali Nurseries, sin perjuicio y sin especial imposición de costas, gastos, ni honorarios de abogados.

Por otro lado, el 29 de abril de 2025, el TPI emitió una *Sentencia Final*, en atención a la primera causa de acción, correspondiente al préstamo otorgado en

el año 2013. A través de la misma, anotó la rebeldía del señor Santiago Rodríguez. A su vez, le ordenó el pago de las siguientes sumas: (1) $371,819.12, correspondiente al principal, (2) $8,469.21, correspondientes a los intereses, además de los que se acumulen al tipo pactado, hasta su pago total; (3) $7,605.85, correspondientes a recargos por mora, además de los que se acumulen hasta su pago total; (4) $5,557.54, por moratoria al principal; y (5) $60,423.40, correspondientes a las costas, gastos y honorarios de abogado, según pactados. Precisó que, de no pagar dichas sumas, se procedería a ejecutar la sentencia, mediante la venta en pública subasta de la prenda y los inmuebles hipotecados.

El 30 de abril de 2025, Cali Orchids presentó una *Moción Solicitando se Excluya a Cali Orchids, Inc. de las Notificaciones de Sentencia por Edicto*. Posteriormente, el 19 de junio de 2025, Oriental Bank instó una *Moción Solicitando Ejecución de Sentencia*. Ante ello, el 20 de junio de 2025, el foro de instancia emitió una *Orden*, notificada el 24 de junio de 2025, mediante la cual ordenó a la Secretaria del Tribunal a expedir el correspondiente Mandamiento, a los fines de ejecutar dicha Sentencia y proceder con la venta en pública subasta. El 24 de junio de 2025, la Secretaria del Tribunal emitió el *Mandamiento de Ejecución de Sentencia*.

Luego, el 19 de septiembre de 2025, Cali Orchids radicó una *Moción de Nulidad de Sentencia por Falta de Parte Indispensable y Sobre Otros Extremos*. Sostuvo que Cali Orchids participó como garantizador del préstamo otorgado al señor Santiago Rodríguez en el año 2013, al emitir un pagaré por $188,000.00, garantizado con su finca 4,120 de Santa Isabel. Señaló, además, que como parte del negocio jurídico entre Oriental Bank y el señor Santiago Rodríguez, Cali Orchids fue identificado como "Hipotecante". Profundizó que, como consecuencia, ostentaba un interés propietario real en el cumplimiento de la obligación suscrita por el señor Santiago Rodríguez, ya que, en caso de que la venta en pública subasta no cubra la totalidad de la deuda, podría venir obligado a cubrir el remanente. Por tanto, explicó que figuraba como una parte

indispensable en el pleito de epígrafe, sin cuya presencia no se podía adjudicar la controversia.

A su vez, alegó que medió fraude en la concesión del Préstamo #4202320-1, otorgado en el año 2019, debido a que el señor Santiago Rodríguez utilizó documentos corporativos falsificados a nombre de Cali Orchids. Por último, añadió que el emplazamiento por edicto del señor Santiago Rodríguez fue defectuoso, toda vez que Oriental Bank no agotó los medios razonables para intentar localizarlo. Ante ello, arguyó que, a tenor con la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.9, la *Sentencia Final* debía ser dejada sin efecto, por haberse emitido en ausencia de una parte indispensable, por haber mediado fraude y/o porque el foro de instancia no adquirió jurisdicción sobre el señor Santiago Rodríguez.

Siendo así, el 22 de septiembre de 2025, el TPI le ordenó a Oriental Bank a exponer su posición dentro del término veinte (20) días. En cumplimiento, el 9 de octubre de 2025, Oriental Bank radicó su *Oposición a Moción de Nulidad de Sentencia por Falta de Parte Indispensable y Sobre Otros Extremos*. Arguyó que, originalmente, el caso de epígrafe versaba sobre dos (2) causas de acción independientes: (1) la primera, contra el señor Santiago Rodríguez, correspondiente al Préstamo #4202318-1, garantizado con una hipoteca sobre las fincas 6,947, 5,041 y 5,042 de Barranquitas; y (2) la segunda, contra el señor Santiago Rodríguez y su deudor prendario Cali Orchids, correspondiente al Préstamo #4202320-1, garantizado con una hipoteca sobre la finca 4,120 de Santa Isabel. Puntualizó que había desistido sin perjuicio de la segunda causa de acción. Así, pues, precisó que únicamente solicitó el cobro del Préstamo #4202318-1. A raíz de lo anterior, sostuvo que Cali Orchids es deudor prendario de, Préstamo #4202320-1, el cual no forma parte de la *Sentencia Final* y, por tanto, no era parte indispensable.

Analizados los argumentos, el 27 de octubre de 2025, el TPI dictaminó una *Resolución*, en virtud de la cual denegó la solicitud de relevo de sentencia instada por Cali Orchids. En cuanto a la insuficiencia en el emplazamiento del señor Santiago Rodríguez, expuso que Cali Orchids no ostentaba legitimación activa

para cuestionarlo. Por otra parte, concluyó que Cali Orchids no era parte indispensable en el caso de marras. Señaló que Cali Orchids no tenía un interés propietario sobre el Préstamo #4202318-1, objeto de la primera causa de acción. Manifestó que Cali Orchids solo es deudor prendario del Préstamo #4202320-1. Añadió que, mediante el caso Civil Núm. SI2025CV00090, Oriental Bank presentó una reclamación contra el señor Santiago Rodríguez y Cali Orchids para el cobro del Préstamo #4202320-1. Destacó, además, que la responsabilidad hipotecaria de cada inmueble era independiente entre sí y las reclamaciones estaban dirigidas contra sus respectivos dueños. Finalmente, respecto al supuesto fraude cometido por el señor Santiago Rodríguez, expresó que únicamente incidiría sobre la otorgación del Préstamo #4202320-1. Como corolario, determinó que correspondería ventilarse en el nuevo pleito instado por Oriental Bank.

El 28 de octubre de 2025, Cali Orchids presentó una *Urgente Solicitud en Auxilio para la Paralización de Subasta Inválida*. Ese mismo día, Cali Orchids acudió ante esta Curia mediante *Certiorari*, el cual acompañó con una *Urgente Solicitud en Auxilio de Jurisdicción a tenor con la Regla 79 del Reglamento de este Tribunal*. Mediante el recurso de *certiorari*, la parte peticionaria realizó los siguientes señalamientos de errores:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO CONSIDERAR EL CONTRATO DE PRÉSTAMO ORIGINAL DE 2013, QUE CONSTITUYE LA OBLIGACION PRINCIPAL GARANTIZADA POR EL PAGARÉ Y EL CONTRATO DE PRENDA CON CALI ORCHIDS, INC. Y DENEGAR LA NULIDAD DE SENTENCIA SOLICITADA, DANDO CURSO A LA SUBASTA.**
>
> **ERRÓ EL TRIBUNAL AL NO DEJAR SIN EFECTO LA SENTENCIA Y PERMITIR LA CONTINUACIÓN DE LA SUBASTA, A PESAR DE LA ALEGACION DE FRAUDE EN EL OTORGAMIENTO DE UNA NOVACIÓN DE PRÉSTAMO EN VIOLACION DE LA REGLA 49 DE LAS DE PROCEDIMIENTO CIVIL.**

En atención a la solicitud para la paralización de la subasta, el 29 de octubre de 2025, el TPI emitió una *Orden* mediante la cual concedió lo peticionado por Cali Orchids. Así las cosas, en igual fecha, denegamos la solicitud en auxilio de jurisdicción presentada ante nos, por academicidad. A su vez, le concedimos a la parte recurrida un término de diez (10) días para

presentar su alegato en oposición a la expedición del recurso. El 10 de noviembre de 2025, Oriental Bank notificó su *Oposición a Petición de Certiorari*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, autoriza al Tribunal a relevar a una parte de una sentencia, orden o procedimiento por varios fundamentos: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48; (c) fraude, falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de la sentencia; (e) la sentencia ha sido satisfecha o renunciada; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

El Tribunal Supremo de Puerto Rico ha expresado que, al momento de evaluar la procedencia de una solicitud de relevo de sentencia, también se debe evaluar si el peticionario tiene una buena defensa en sus méritos; el tiempo que media entre la sentencia y la solicitud del relevo; y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia. *Reyes v. E.L.A. et al.*, 155 DPR 799, 810 (2001).

A pesar de que la Regla 49.2 de Procedimiento Civil, *supra*, se interpreta liberalmente, el Tribunal Supremo ha advertido que esta no constituye una "llave maestra" para reabrir controversias y no debe ser utilizada en sustitución de un recurso de revisión o una moción de reconsideración. *Vázquez v. López,* 160 DPR 714, 726 (2003). La determinación de conceder el relevo de una sentencia está confiada a la discreción del Tribunal de Primera Instancia. *Garriga Gordils v. Maldonado Colón,* 109 DPR 817, 822 (1980); *Fine Art Wallpaper v. Wolff,* 102 DPR 451, 458 (1974).

Por otro lado, el Tribunal Supremo de Puerto Rico ha señalado que la moción de relevo de sentencia no está disponible para corregir errores de derecho, ni errores de apreciación o valoración de la prueba. Estos son fundamentos para la reconsideración o la apelación del dictamen, pero no para el relevo. *García Colón et al. v. Sucn. González,* 178 DPR 527, 542-543 (2010).

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha resuelto que el término de seis (6) meses para la presentación de la moción de relevo de

sentencia es fatal. *Id.*, a la pág. 543. En consecuencia, la Regla 49.2, *supra*, es categórica en cuanto a que la moción de relevo debe presentarse dentro de un término razonable pero que "en ningún caso exceda los seis meses [...]." *Íd.* Ahora bien, dicho plazo es inaplicable cuando se trata de una sentencia nula. *Náter v. Ramos*, 162 DPR 616, 625 (2004).

Por último, cabe destacar que, al revisar la solicitud de relevo de sentencia, el tribunal no dilucida los derechos de las partes ni las controversias jurídicas de la demanda, solamente debe resolver si la parte promovente satisface los requisitos estatutarios y jurisprudenciales para el relevo de sentencia. Por lo tanto, la revisión en alzada versa sobre la facultad discrecional del juez de instancia al conceder o denegar la solicitud post sentencia. *Ortiz v. U. Carbide Grafito, Inc.,* 148 DPR 860, 865 (1999).

### -C-

La acumulación indispensable de partes está gobernada por la Regla 16 de Procedimiento Civil. 32 LPRA, Ap. III, R. 16. Específicamente, la Regla 16.1 de Procedimiento Civil, *supra*, dispone:

> Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada.

El interés de la parte en el litigio debe ser de "[...] tal orden que impida la confección de un derecho adecuado sin afectarle o destruirle radicalmente sus derechos". *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 223 (2007).

Así pues, una parte indispensable es aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada en su ausencia. *Pérez Ríos v. Luma Energy LLC.,* 213 DPR 203 (2023). Esta regla persigue el propósito de proteger a la persona ausente de los posibles efectos perjudiciales de un dictamen judicial y evitar la multiplicidad de pleitos. *Íd.*

Al determinar si una persona es una parte indispensable en un pleito, se requiere un enfoque pragmático e individualizado, a tenor con las particularidades de cada caso. *García Colón et al. v. Sucn. González,* 178 DPR

527, 549 (2010). En ese sentido, el tribunal deberá evaluar los intereses envueltos y distinguir entre los diversos géneros de casos. *Deliz et als. v. Igartúa et als.*, 158 DPR 403, 434 (2003). Ello "*exige una evaluación jurídica de factores tales como tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad*". *Íd.* citando a *Sánchez v. Sánchez*, 154 DPR 645, 678 (2001). Además, deberá examinar si el tribunal "podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente". *Pérez Rosa v. Morales Rosado, supra.*

Una vez se concluya que una parte es indispensable, el pleito no podrá adjudicarse sin su presencia. *Pérez Ríos v. Luma Energy LLC., supra*; *Pérez Rosa v. Morales Rosado, supra.* En tal caso, dicha persona tiene que hacerse formar parte en el pleito.

> De tal arraigo es el interés de proteger a las partes indispensables, que la no inclusión en el pleito de una parte indispensable constituye una defensa irrenunciable, la cual puede presentarse en cualquier momento durante el proceso. Incluso, los tribunales apelativos deben levantar *motu proprio* la falta de parte indispensable, debido a que ésta incide sobre la jurisdicción del tribunal. De reconocerse que está ausente una parte indispensable, debe desestimarse la acción. Sin embargo, dicha desestimación no tendrá el efecto de una adjudicación en los méritos ni, por ende, de cosa juzgada. *Pérez Rosa v. Morales Rosado, supra,* págs. 223-224. (Citas omitidas).

El estándar que debe cumplir quien alega ser parte indispensable en un pleito consiste en establecer un interés común con el que demuestre que sin su presencia no puede adjudicarse la controversia. Adviértase que no se trata de un mero interés en la controversia, sino de aquel de tal orden que impida la confección de un decreto adecuado sin afectarlo. *Pérez Ríos v. Luma Energy LLC., supra; Deliz Muñoz v. Igartúa,* 158 DPR 403 (2003); *Sánchez Encarnación v. Sánchez Brunet,* 154 DPR 645 (2001). Este debe ser, además, de índole real e inmediato. *FCPR v. ELA et al.,* 211 DPR 521, 531 (2023).

Ahora bien, "*[l]a omisión de incluir a una parte indispensable incide sobre el debido proceso de ley que cobija al ausente*". *Colón Negrón et al. v. Mun. Bayamón,* 192 DPR 499, 511 (2015). Por tanto, el mecanismo establecido en la Regla 16.1 de Procedimiento Civil, *supra,* parte de dos principios fundamentales: (1) garantizar la protección constitucional de que una persona no sea privada de

la libertad y propiedad sin un debido proceso de ley, y (2) la necesidad de que el decreto judicial emitido sea completo. *López García v. López García,* 200 DPR 50, 64 (2018).

Por ello, nuestro Tribunal Supremo ha expresado que "*[a]nte la ausencia de una parte indispensable, el tribunal carece de jurisdicción para resolver la controversia*". *Bonilla Ramos v. Dávila Medina,* 185 DPR 667, 677-678 (2012). Al incidir tal ausencia sobre la jurisdicción del tribunal, deberá entonces desestimarse la acción. *Íd.,* a la pág. 678. No obstante, dicha desestimación no tiene el efecto de una adjudicación en los méritos ni de cosa juzgada. *Pérez Rosa v. Morales Rosado,* 172 DPR 216, 224 (2007).

### III.

Mediante el presente recurso, la parte peticionaria señala, en síntesis, que el foro de instancia erró al no dejar sin efecto la *Sentencia Final,* al amparo de la Regla 49.2 de Procedimiento Civil, *supra.* Arguye que ostenta un interés propietario real, ya que figura como codeudor y garantizador de la deuda. A su vez, manifiesta que en el caso de marras subsisten múltiples alegaciones de fraude cometidas por el señor Santiago Rodríguez durante la otorgación del préstamo en el cual Cali Orchids figura como garantizador de la deuda. De igual manera, esboza que el foro de instancia no ostentaba jurisdicción sobre el señor Santiago Rodríguez, debido a que el emplazamiento por edicto resultaba improcedente. Finalmente, por primera vez durante el transcurso del pleito, esboza que el Small Business Association también es parte indispensable.

La parte peticionaria pierde de perspectiva que el señor Santiago Rodríguez suscribió dos préstamos independientes. Mediante el primer préstamo, el señor Santiago Rodríguez figura como único hipotecante y deudor. En cambio, mediante el segundo préstamo, figura tanto el señor Santiago Rodríguez, como Cali Orchids. En el recurso que nos ocupa, la parte peticionaria no posee ningún interés sobre el Préstamo #4202318-1, objeto del pleito de epígrafe y de la *Sentencia Final.* El Préstamo #4202320-1, mediante el cual Cali Orchids figura como garantizador, no forma parte del pleito de marras, sino de

un procedimiento independiente en el cual el peticionario participa como parte demandada y reconveniente.

Así dispuesto, examinado cuidadosamente el expediente, a la luz de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra*, no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. En el recurso que aquí atendemos no se nos ha demostrado la existencia de alguno de estos escenarios.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de esta Resolución, se deniega la expedición del auto de *certiorari* solicitado. Se devuelve al Tribunal de Primera Instancia, Sala Superior de Comerío, para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones