ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| HÉCTOR LUIS MARTÍNEZ FORNARIS<br><br>Recurrido<br><br>v.<br><br>ELBA IRIS TORRES VÉLEZ<br><br>Peticionaria | TA2025CE00950 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: PO2024CV02877<br><br>Sobre: Cobro de Dinero |
| --- | --- | --- |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de enero de 2026.

Comparece Elba Iris Torres Vélez ("señora Torres Vélez" o "Peticionaria") mediante recurso de *certiorari* y nos solicita que revisemos una *Resolución* emitida el 20 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Guayama ("TPI"). En virtud del referido dictamen, el TPI denegó la solicitud de relevo de sentencia instada por la peticionaria, al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 49.2.

Por los fundamentos que proceden, se expide el auto de *certiorari* solicitado y se *confirma* la determinación recurrida.

**I.**

El 3 de octubre de 2024, Héctor Luis Martínez Fornaris ("señor Martínez Fornaris" o "Recurrido") instó una *Demanda* en cobro de dinero contra la señora Torres Vélez. Expuso que existe un dictamen final y firme dictado el 2 de febrero de 2024, en el Caso Núm. JCU 2018-0061, mediante el cual el TPI le ordenó a la peticionaria el pago de $140,773.10 a favor del recurrido, correspondiente a los pagos de hipoteca que grava la residencia que ocupa con sus hijos menores de edad. Adujo que, al momento, la señora Torres Vélez había incumplido con lo ordenado. Por tanto, solicitó que se ordenara la ejecución de la Resolución.

Tras varias instancias, a petición de parte, el 20 de noviembre de 2024, el foro de instancia le anotó la rebeldía a la señora Torres Vélez. Consecuentemente, el 5 de diciembre de 2024, el señor Martínez Fornaris radicó una *Moción al amparo de la Regla 45.2 de las de Procedimiento Civil*. Expuso que, siendo la controversia una sobre cobro de dinero, donde el monto adeudado es claro, procedía que se dictara sentencia al amparo de la Regla 45.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.2.

El 11 de diciembre de 2024, la señora Torres Vélez presentó una *Moción Asumiendo Representación Legal Sin Someterse a la Jurisdicción del Tribunal*, la cual fue aceptada por el foro de instancia mediante *Orden* dictada ese mismo día, notificada el 12 de diciembre de 2024. En igual fecha, el TPI emitió una *Sentencia* mediante la cual declaró Con Lugar la *Demanda*. Como resultado, le ordenó a la peticionaria el pago de $140,773.10, por concepto de los pagos de la hipoteca, intereses legales, intereses por temeridad, computados a partir desde que surgió la causa de acción hasta la fecha de la *Sentencia*, gastos y costas, así como los gastos en que se incurra durante la Ejecución de la Sentencia. Asimismo, le impuso el pago de $7,500.00, por concepto de honorarios de abogados.

Inconforme, el 13 de diciembre de 2024, la señora Torres Vélez instó una *Urgente Moción Solicitando Relevo de Sentencia*. Arguyó que no fue emplazada personalmente, ni mediante ningún otro método permitido por las Reglas de Procedimiento Civil. Así, pues, sostuvo que procedía declarar la nulidad de la *Sentencia*, de manera tal que la controversia fuera adjudicada en sus méritos y conforme al debido proceso de ley.

En atención a ello, el 26 de marzo de 2025, se celebró una Vista Evidenciaria, a los fines de determinar si la señora Torres Vélez fue emplazada según exige la normativa procesal. Aquilatada la prueba testifical y documental, el 10 de junio de 2025, notificada el día siguiente, el TPI emitió una *Resolución* en virtud de la cual determinó que la peticionaria fue debidamente emplazada el 7 de octubre de 2024. Cónsono con lo anterior, el foro de instancia denegó la solicitud de relevo de sentencia instada por la señora Torres Vélez.

Insatisfecha, el 26 de junio de 2025, la parte peticionaria radicó una *Moción de Reconsideración y Solicitud de Relevo de Sentencia por Falta de Jurisdicción In Personam*, la cual fue denegada el 30 de junio de 2025. Disgustada aún, el 30 de julio de 2025, la señora Torres Vélez acudió ante esta Curia mediante recurso de *certiorari*, clasificado alfanuméricamente como TA2025AP00187. Evaluado el expediente, el 29 de agosto de 2025, un Panel Hermano denegó expedir el auto solicitado, tras determinar que la peticionaria no los colocó en posición de concluir que el foro de instancia incidió en su apreciación de la prueba.

Posteriormente, el 10 de septiembre de 2025, notificada el 12 de septiembre de 2025, el TPI, *motu proprio*, dictaminó una *Orden de Traslado* a la Sala Superior de Guayama. Ello, con el propósito de proteger la imagen de imparcialidad del sistema, debido a que el señor Martínez Fornaris tiene una relación familiar con una funcionaria que labora en la Sala Superior de Ponce.

A solicitud de la parte recurrida, el 6 de noviembre de 2025, el foro de instancia notificó la *Orden de Ejecución de Sentencia* y su correspondiente *Mandamiento sobre Ejecución de Sentencia Enmendado*. El 14 de noviembre de 2025, la señora Torres Vélez presentó una *Urgente Moción Solicitando Relevo de Sentencia*. Arguyó haber advenido en conocimiento de la relación familiar del señor Martínez Fornaris, tras la *Orden de Traslado*. Sostuvo, además, que se le informó que la funcionaria de la Sala Superior de Ponce obtuvo el expediente judicial y le ofreció consejos al recurrido. Alegó que las acciones de la esposa del señor Martínez Fornaris constituyeron una actuación ilegal y manchó la imagen de imparcialidad del Tribunal.

Para sustentar sus alegaciones, presentó la siguiente prueba documental: (1) una declaración jurada suscrita por la hija menor de edad de las partes; (2) una declaración jurada suscrita por la señora Torres Vélez; y (3) unas capturas de pantalla de mensajes intercambiados entre el señor Martínez Fornaris y la funcionaria del Tribunal. La menor, ASMT, adujo bajo juramento que encontró unos mensajes en el celular del señor Martínez Fornaris enviados durante los meses de enero y febrero de 2024 entre su padre y su entonces novia, una jueza

de la Sala Superior de Ponce, relacionados al Caso Núm. JCU 2018-0061 sobre custodia. Añadió que le tomó capturas de pantallas a las referidas comunicaciones y las envió al teléfono celular de su madre, la señora Torres Vélez. Consecuentemente, la señora Torres Vélez expresó bajo juramento que, el 19 de febrero de 2024, su hija le envió las referidas capturas de pantalla, donde aparecen mensajes enviados por la funcionaria admitiendo haber solicitado el expediente del caso sobre custodia y aconsejándole al señor Martínez Fornaris contratar representación legal.

En respuesta, el 17 de noviembre de 2025, el señor Martínez Fornaris radicó su *Moción en Oposición a la Moción de Relevo de Sentencia.* Manifestó que la segunda solicitud de relevo de sentencia instada por la peticionaria fue presentada en exceso del término de seis (6) meses dispuesto por la Regla 49.2 de Procedimiento Civil, *supra.* A su vez, expuso que los mensajes auscultados por la menor no guardan relación con el caso de autos, ni con la determinación judicial emitida el 2 de febrero de 2024 en el Caso Núm. JCU 2018-0061. Además, expuso que la relación de noviazgo que mantenía con la funcionaria del Tribunal para el año 2024 era de conocimiento de la señora Torres Vélez. Ante ello, arguyó que, de la peticionaria haber tenido alguna preocupación genuina con la intervención de la jueza, pudo haber solicitado un traslado de jurisdicción. Por otra parte, manifestó que, el hecho de que su pareja sea jueza, no le impide ofrecerle una orientación general sobre cómo manejar una situación jurídica personal. Expuso que distinto sería si la jueza hubiera intervenido directamente en el caso, influenciado su trámite o tenido participación alguna en las determinaciones judiciales. Así dispuesto, razonó que procedía denegar la solicitud de relevo de sentencia.

Atendidos los argumentos de las partes, el 20 de noviembre de 2025, el foro de instancia dictó una *Resolución* en virtud de la cual declaró Sin Lugar la solicitud de relevo de sentencia. Destacó que ninguno de los aludidos casos fueron resueltos o atendidos por la esposa del señor Martínez Fornaris. Concluyó, además, que la *Sentencia* dictada en el caso de marras fue emitida por un Tribunal con jurisdicción, no adolece de nulidad, está fundamentada

correctamente en derecho y fue objeto de un debido proceso de ley. Asimismo, enfatizó que la solicitud instada la señora Torres Vélez no fue presentada oportunamente, ni contiene una razón válida por la cual se deba conceder el relevo de sentencia.

Insatisfecha, el 22 de diciembre de 2025, la señora Torres Vélez acudió ante nos mediante recurso de *certiorari*. La parte peticionaria le imputó al foro de instancia la comisión de los siguientes errores:

> **Erró el Tribunal de Primera Instancia, Sala Superior de Guayama, al denegar la Urgente Moción Solicitando Relevo de Sentencia presentada el 14 de noviembre de 2025, rehusando adjudicar en sus méritos los planteamientos de nulidad por violación al debido proceso de ley e imparcialidad judicial, y concluyendo —sin análisis sustantivo— que las imputaciones realizadas no requerían pronunciamiento alguno, pese a estar fundamentadas en hechos nuevos, evidencia jurada y circunstancias institucionales reconocidas por el propio Poder Judicial.**

> **Erró el Tribunal de Primera Instancia al aplicar de forma mecánica y errónea el término de seis (6) meses dispuesto en la Regla 49.2 de Procedimiento Civil como barrera para denegar el relevo solicitado, sin determinar previamente si la sentencia impugnada era nula por violación al debido proceso de ley, y sin considerar que los fundamentos del relevo surgieron con posterioridad a la sentencia y no eran cognoscibles ni litigables al momento de su notificación.**

En igual fecha, la peticionaria instó una *Moción en Auxilio de Jurisdicción*. Examinados los escritos, el 23 de diciembre de 2025, este Tribunal dictaminó una *Resolución* mediante la cual ordenó la paralización de los procedimientos hasta la disposición del recurso de epígrafe y le concedió al recurrido un término para presentar su alegato en oposición. El 30 de diciembre de 2025, el señor Martínez Fornaris presentó su *Oposición a Petición de Certiorari*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior.

*Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra; Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari,* la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari,* a saber:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V R. 49.2, autoriza al Tribunal a relevar a una parte de una sentencia, orden o procedimiento por varios fundamentos: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48; (c) fraude, falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de la sentencia; (e) la sentencia ha sido satisfecha o renunciada; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

El Tribunal Supremo de Puerto Rico ha expresado que, al momento de evaluar la procedencia de una solicitud de relevo de sentencia, también se debe evaluar si el peticionario tiene una buena defensa en sus méritos; el tiempo que media entre la sentencia y la solicitud del relevo; y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia. *Reyes v. E.L.A. et al.*, 155 DPR 799, 810 (2001).

A pesar de que la Regla 49.2 de Procedimiento Civil, *supra*, se interpreta liberalmente, el Tribunal Supremo ha advertido que esta no constituye una "llave maestra" para reabrir controversias y no debe ser utilizada en sustitución de un recurso de revisión o una moción de reconsideración. *Vázquez v. López*, 160 DPR 714, 726 (2003). La determinación de conceder el relevo de una sentencia está confiada a la discreción del Tribunal de Primera Instancia. *Garriga Gordils v. Maldonado Colón*, 109 DPR 817, 822 (1980); *Fine Art Wallpaper v. Wolff*, 102 DPR 451, 458 (1974).

Por otro lado, el Tribunal Supremo de Puerto Rico ha señalado que la moción de relevo de sentencia no está disponible para corregir errores de derecho, ni errores de apreciación o valoración de la prueba.  Estos son fundamentos para la reconsideración o la apelación del dictamen, pero no para el relevo. *García Colón et al. v. Sucn. González,* 178 DPR 527, 542-543 (2010).

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha resuelto que el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal. *Id.*, a la pág. 543. En consecuencia, la Regla 49.2, *supra,* es categórica en cuanto a que la moción de relevo debe presentarse dentro de un término razonable pero que "en ningún caso exceda los seis meses [...]." *Íd.* Ahora bien, dicho plazo es inaplicable cuando se trata de una sentencia nula. *Náter v. Ramos,* 162 DPR 616, 625 (2004).

Por último, cabe destacar que, al revisar la solicitud de relevo de sentencia, el tribunal no dilucida los derechos de las partes ni las controversias jurídicas de la demanda, solamente debe resolver si la parte promovente satisface los requisitos estatutarios y jurisprudenciales para el relevo de sentencia.  Por lo tanto, la revisión en alzada versa sobre la facultad discrecional del juez de

instancia al conceder o denegar la solicitud post sentencia. *Ortiz v. U. Carbide Grafito, Inc.,* 148 DPR 860, 865 (1999).

**III.**

En el recurso que nos ocupa, la parte peticionaria aduce que el foro de instancia erró al denegar la solicitud de relevo de sentencia, luego de aplicar el término de seis (6) meses establecido por la Regla 49.2 de Procedimiento Civil, *supra*, sin analizar si la *Sentencia* era nula. Particularmente, intenta justificar la demora en la presentación de la solicitud de relevo de sentencia en que advino en conocimiento de la relación entre el recurrido y la jueza, luego de notificación de la *Orden de Traslado*. Asimismo, arguye que la supuesta intervención indebida de la funcionaria apunta a una posible nulidad de sentencia por violación al debido proceso de ley.

Por este haber sido el proceder de la parte peticionaria, los errores serán discutidos de manera conjunta. Ciertamente, no existe controversia respecto al hecho de que la solicitud de relevo de sentencia fue radicada transcurrido el término establecido por la normativa procesal. Ahora bien, resulta preocupante que, no tan solo la solicitud fue instada de manera tardía, sino que, según admitido bajo juramento por la señora Torres Vélez, esta conocía desde por lo menos el 19 de febrero de 2024, **previo al inicio del presente pleito**, la relación entre el señor Martínez Fornaris y su ahora esposa, así como los mensajes enviados relacionados al caso de custodia. Sin embargo, en un intento de entorpecer los procedimientos ante el Tribunal, optó por esperar hasta la culminación del pleito para solicitar el relevo de la *Sentencia*, bajo el pretexto de que, luego de la *Orden de Traslado*, advino en conocimiento de la relación entre el recurrido y la jueza. Sorpresivamente, la peticionaria insiste en inducir a error a esta Curia al alegar que no fue hasta septiembre de 2025 que se enteró de la relación entre el recurrido y su esposa, así como las alegadas acciones de la funcionaria.

Peor aún, la señora Torres Vélez pretende utilizar mensajes de textos enviados entre el señor Martínez Fornaris y su esposa durante los meses de enero y febrero de 2024, obtenidos utilizando a la hija menor de edad de las

partes, para justificar sus alegaciones. Cabe destacar que las aludidas comunicaciones fueron intercambiadas ocho (8) meses antes de la presentación de la demanda de epígrafe. Ello, de por sí, demuestra que los mensajes no guardan relación con la presente controversia. Aun así, tras un examen sosegado de las capturas de pantalla, constatamos que las conversaciones sostenidas entre el recurrido y su esposa no estaban relacionadas al caso de epígrafe, sino al caso JCU 2018-0061. Por todo lo cual, resulta forzoso concluir que la prueba documental presentada por la parte peticionaria no demuestra de manera alguna que la funcionaria intervino con los procedimientos del caso de autos. Contrario a lo manifestado por la peticionaria, no existía fundamento alguno para que el foro de instancia tomara en consideración una solicitud de relevo de sentencia presentada fuera del término de seis (6) meses y decretara la nulidad de la *Sentencia.*

**IV.**

Por los fundamentos que anteceden, los cuales hacemos constar en esta *Sentencia,* se expide el auto de *certiorari* solicitado y se *confirma* la determinación recurrida. Se devuelve al Tribunal de Primera Instancia, Sala Superior de Guayama, para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones